UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MICHAEL S. KIMM, ESQ. (MK4476)
JONATHAN LUGO, ESQ. (PHV)
KIMM LAW FIRM
333 SYLVAN AVENUE, SUITE 106
ENGLEWOOD CLIFFS, NJ 07632
TEL: 201-569-2880
*Attorneys for plaintiff*

| | |
|---|---|
| HYUNJUNG KI,<br><br>               Plaintiff,<br>v.<br><br>CITY OF NEW YORK, DERMOT SHEA<br>AS NYPD COMMISSIONER, HYUN KIM,<br>in his individual and official capacity as a<br>NYPD officer, and JUNG KIM, individually<br>and in his official capacity as a NYPD officer,<br><br>               Defendants. | 20-CV-4343<br><br>Civil Action<br><br>**Complaint with Jury Demand** |

Plaintiff, for her complaint against the above-named defendants, states:

## **INTRODUCTION**

1. This is an action for money damages arising from acts of gross recklessness by two officers of the New York City Department who violated plaintiff's civil rights under color of law and committed various related violations of law against plaintiff.

2. On October 8, 2019, defendant Hyun Kim, individually and in his official capacity, pointed a gun at plaintiff's head only two inches away from her face and held it there or shook the gun near her right ear while making verbal threats accompanied by incoherent, incomprehensible utterances emphasizing his "New York Police Department" status, while

1

the other defendant, his superior officer and NYPD Sargent Jung Kim, watched in amusement and allowed Hyun Kim to continue misbehaving for a substantial amount of time and failed to curb the subordinate officer's criminal behavior.

## THE PARTIES

3. At all relevant times, plaintiff is an individual, female, and was a resident of Queens County, New York, at the relevant times.

4. At all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of law and/or in compliance with the policies, official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or City of New York, to deprive plaintiff of her rights secured by the Constitution and the laws of United States and the State of New York, in direct violation of plaintiff's Constitutional rights to be free from official molestation, criminal acts, and other violations of law.

5. At all relevant times, defendant City of New York (hereinafter "CITY") is and was at all times relevant a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agents in the area of law enforcement and for which it is ultimately responsible. Defendant City of New York assumes the risks incidental to the maintenance of a police force and the employment of police officers. Defendant CITY was at all time relevant herein the public employer of the individuals defendants Dermot Shea, Hyun Kim and Jung Kim.

6. At all relevant times, defendant officer Hyun Kim was a duly constituted police

officer of the City of New York, whose residential address is unknown to plaintiff at this time. To the extent the City does not accept service of process on his behalf, plaintiff intends to effectuate service of process as soon as this defendant's address for service is obtained by discovery and/or by other methods.

7. At all relevant times, defendant officer and Sargent Jung Kim is an NYPD Police Officer believed to be based at the 115 th Precinct. This defendant is believed to have been a resident of the City of New York but his address is unknown to plaintiff at this time. To the extent the City does not accept service of process on his behalf, plaintiff intends to effectuate service of process as soon as this defendant's address for service is obtained by discovery and/or by other methods.

## JURISDICTION AND VENUE

8. This action arises under the Fourth and Fourteenth Amendments to the U.S. Constitution and federal statutory laws including 42 U.S.C.§§ 1983, 1988. The court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 (a), as such plaintiff's state claims arise out of a common nucleus of operative facts.

9. Venue is proper in this District because significant events arose in this district in which all defendants participated.

10. Within the proper time allotted by statute, plaintiff filed a Notice of Claim with City of New York, in accordance with the New York State Court of Claims Act §§ 10 and 11 and CPLR §215, as against each named New York City defendants. More than 90 days have elapsed since the tort claims notice; plaintiff has been examined by defendants in

accordance with General Municipal Law section 50h; defendants have failed and refused to pay compensation.

## GENERAL ALLEGATIONS

11. On October 8, 2019, at approximately 10PM, two officers of the New York City Police Department went drinking at the Apple Tree Café at 162 nd Street and Crocheron Blvd., Flushing, New York, at a Korean-style karaoke bar.

12. On October 8, 2019, plaintiff began her first day of work at the Apple Tree Café and was assigned as one of two servers for defendants Hyun Kim and Jung Kim who were in plain clothes.

13. Apple Tree café has a basement that is divided into small rooms, which can seat 4 persons to several persons, depending upon the size of the rooms. Defendants Hyun Kim and Jung Kim occupied a small, private room, and ordered a full bottle of Johnny Walker scotch with desserts and side dishes. After some period of drinking, defendants allowed their service pistols to be exposed and this caused plaintiff and the other server to be distressed from the visibility of the guns.

14. Defendant Hyun Kim grabbed plaintiffs hand and arm, pulled them around his waist, and forced her to feel his gun that was in its holster. Plaintiff's co-worker, who was also scared, asked whether they were gang members and defendants responded "no, we are police officers." Defendants thus identified themselves as NYPD officers and led plaintiff to believe that they were acting in their official capacity as such and that they had full legal authority to do what they were doing.

4

15. At this point, defendant Hyun Kim asked plaintiff to in a co-worker named Jingo. Plaintiff told him that it was her first day of work there and she did not know anyone, and said that she would go out to inquire who "Jinko" is, and tried to get up. Defendant Hyun Kim forcibly pushed her down, prevented plaintiff's movement, and retrieved his gun.

16. Plaintiff's distress increased but she tried to remain calm and careful. Although male servers and bussers came and went, defendant Hyun Kim did not mention "Jinko" to them. One of the waiters attempted to guide plaintiff out of the room but defendant Hyun Kim prevented plaintiff from leaving her seat.

17. After some time, defendant Hyun Kim began to curse out loud and caused further distress to plaintiff and her co-worker and plaintiff's co-worker pleaded with defendant to "stop cursing." The atmosphere in the room had soured.

18. Plaintiff and her co-workers attempted to remain calm but defendant Hyun Kim began to bang his gun on the table and kept saying the same thing over and over. He said, "Do you know who I am? Do you know me? Sit still." He repeatedly uttered "you fuckin bitch." He kept saying "fuckin bitch," "fuckin bitch," "fuckin bitch" and the other officer who had come with him was just sitting there, not responding to his colleague's actions.

19. While defendant Hyun Kim banged his gun on the table, he pointed the gun down, and some of the bullets fell to the floor. Plaintiff observed that two of the bullets fell and she picked up the bullets and said, "don't you get in trouble if you lose something like this?" and defendant Hyun Kim said, "No."

20. At this point, the Sargent went to the lavatory and plaintiff's co-worker was

outside, so there were only plaintiff and defendant Hyun Kim at the table. Defendant Hyun Kim said, " you know me, you fuckin bitch . . . ."

21. Plaintiff did not know what to do and was petrified with raw fear, and felt totally helpless and was convinced that she would be shot in her head. She tried to calm defendant down and said "I'm sorry, just put the gun down." After several minutes, the other officer returned, and plaintiff pleaded with him to have his colleague put the gun down and at this point defendant Jung Kim stated "as my subordinate officer I am ordering you to put the gun away" but defendant Hyun Kim failed to heed and defendant Sargent failed to exert any real control over his subordinate officer's ongoing violence.

22. Plaintiff coworker returned to the room and observed the gun being directed at the side of my head just as she was opening the door. At this point, defendant Hyun Kim aimed the gun at her by the doorway and used the gun to order her to sit down. "You come sit here with the gun," defendant Hyun Kim. Plaintiff's co-worker, frightened, shut the door quickly and went away instead of coming in, and told the manager on duty to call the police.

23. Shortly thereafter, the owner and the manager went into the room, and are believed to have told them that the police had been called. Defendants left the Café premises shortly afterwards and could be seen outside the Café door on the sidewalk, talking between themselves, and one of the is believed to have dropped his gun.

24. For two more days, plaintiff attempted to attend to work at the café but became unable to resume employment due to ongoing nightmares and fears of being killed at gunpoint by an NYPD police officer. On October 10, 2019, plaintiff stopped working at

6

Apple Tree café and became a recluse from her society including her friends.

25. After these events, plaintiff's life changed completely, dramatically and for the worse. She found herself anxious all the time. At nights, as she tries to sleep, her mind replays the events of October 8, 2019, like a broken recorded loop and causes her severe emotional distress from the belief that her life was to have ended that night.

## CLAIMS FOR RELIEF

## Count One – 42 U.S.C. § 1983

## False Arrest by Force

26. The foregoing allegations are here incorporated by reference.

27. Title 42 U.S. Code § 1983 - Civil action for deprivation of rights provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, . . . .

28. Defendants committed acts of menacing, harassment, false arrest and forcible false arrest by using an NYPD-issue service gun to force plaintiff to remain in the room and in her seat against her will; by banging the gun on the table repeatedly; by dropping the bullets; by depriving her of her liberty, with the attendant acts described above.

29. Defendants' acts against plaintiff were malicious, deliberate, knowing, intentional, and/or recklessly in disregard with minimally civilized actions of a police officer and were

7

clearly intended to cause abject fear and psychological injury or were in abject disregard for her rights to be free of unreasonable police violence and seizure under the Constitution and the law of the United States and laws of the State of New York.

30. By reason of the above, plaintiff has been significantly injured both physically and psychologically.

**Count Two – 42 U.S.C. § 1983**

**False Imprisonment**

31. The foregoing allegations are here incorporated by reference.

32. Defendants falsely arrested and imprisoned plaintiff with no legal right to do so.

33. By reason of the above, plaintiff has been significantly injured both physically and psychologically.

**Count Three- 42 U.S.C. § 1983**

**Fourth Amendment Seizure Violation**

34. The foregoing allegations are here incorporated by reference.

35. By reason of those facts defendants violated the fourth amendment's prohibition of unreasonable searches and/or seizures.

36. By reason of the above, plaintiff has been significantly injured both physically and psychologically.

**Count Four – Negligent Hiring by City of New York**

37. The foregoing allegations are here incorporated by reference.

38. The City of New York had a policy of hiring under which defendants were hired. At the time of each defendant's hiring, the City knew or had reason to know that each defendant was not a viable candidate for employment as a police officer and/or as a supervising office.

39. By reason of the above, plaintiff has been significantly injured both physically and psychologically.

### Count Five – Negligent Training by City and Commissioner

40. The foregoing allegations are here incorporated by reference.

41. By reason of those facts, defendants engaged in negligent training of their law enforcement officials to behave properly while they are interacting with non-law violators.

42. By reason of the above, plaintiff has been significantly injured both physically and psychologically.

### Count Six – Negligent Supervision by City and Commissioner

43. The foregoing allegations are here incorporated by reference.

44. Defendants were under a duty to properly supervise their subordinate police officers.

45. Through a policy, custom, or practice defendants violated their duty to property supervise their officers and their officers, in turn, committed the acts described above.

46. The violations were reasonably foreseeable and totally preventable. Defendants' failure to implement proper supervisory controls resulted in significant harm to plaintiff both physically and psychologically.

### Count Seven – Reckless or Negligent Infliction of Emotional Distress

47. The foregoing allegations are here incorporated by reference.

48. Defendants' unlawful, unconstitutional conduct, without justification, was extreme, outrageous, and utterly intolerable in a civilized community; conduct which exceeded all reasonable boundary of decency. Defendants conduct was intended to and did cause severe emotional distress to plaintiffs.

49. Defendants knew or should have known that their conduct in menacing or harassing plaintiff would cause plaintiff significant emotional distress. The actions and defendants and each of them were extreme and outrageous, beyond all possible bounds of decency.

50. By reason of the above, plaintiff has suffered significant injury both physically and psychologically.

### Count Eight – Menacing and/or Harassment

51. The foregoing allegations are here incorporated by reference.

52. By their conduct, defendants and each of them committed menacing and/or harassment in violation of plaintiff's rights.

53. Defendants knew or should have known that their conduct would cause plaintiff significant emotional distress. The actions and defendants and each of them were extreme and outrageous, beyond all possible bounds of decency.

54. By reason of the above, plaintiff has suffered significant injury both physically and psychologically.

WHEREFORE, plaintiffs and each of them demand against defendants and each of them, jointly and severally:

A. Compensatory damages in the amount to be determined by a jury;

B. Punitive damages against the individual defendants and not the governmental defendants in an amount to be determined by a jury;

C. Legal fees, other professional fees, and costs incurred in this action;

D. Any other relief the Court deems just and proper under the facts of the case in plaintiffs' favor.

## **JURY DEMAND**

Plaintiff request a trial by jury pursuant to Federal Civil Rule 38.

Dated: September 14, 2020

/s/ Michael S. Kimm
Michael S. Kimm, Esq.
Jonathan Lugo, Esq. (PHV)
KIMM LAW FIRM
333 Sylvan Ave., Suite 106
Englewood Cliffs, NJ 07632
201-569-2880
*Attorneys for plaintiff*