# Kɪᴍᴍ  Lᴀᴡ Fɪʀᴍ

333 Sylvan Avenue, Suite 106                                                        295 Madison Avenue, 12th Floor
Englewood Cliffs, New Jersey 07632                                                        New York, New York 10017
Tel 201-569-2880                       **PLEASE REPLY TO**                       Tel 917-477-8500
Fax 201-569-2881                       **ENGLEWOOD CLIFFS**                       Fax 201-569-2881

Writer's email:  msk@kimmlaw.com


April 27, 2021

Hon. Allyne R. Ross
United States District Judge
United States District Court, EDNY
225 Cadman Plaza East
New York, New York 11201

Re:    Ki v. City of New York, et al., 20-CV-4343 (ARR) (PK)

Dear Judge Ross:

Plaintiff respectfully writes in opposition to defendant City of New York's pre-motion letter proposing to present a Rule 12(b)(6) motion regarding its liability in the case.

Because that motion cannot be presented by a motion procedure for attacking the facial sufficiency of allegations, and because binding Second Circuit authority renders the matter a "fact issue," the Court should not entertain the motion; or if the motion is permitted to be filed via this irregular procedure, it should be denied on the merits.

On an involuntary-dismissal motion, all allegations and reasonable inferences are deemed true and are applied most favorably to the non-moving party.  Defendant City of New York hired and was responsible for the proper training and education of defendants Hyun Kim, a police officer, and Jung Kim, a Sergeant, in the use, maintenance, and safety of their service firearms. The NYPD permitted off-duty carrying of service guns and thereby expected that gun-related incidents would arise for which the City would be held responsible.

The complaint alleges in essence that defendant Hyun Kim pulled and pointed his NYPD service gun at plaintiff's head, point blank, and rhetorically asked plaintiff "do you know who I am," "I am NYPD," etc., and apparently used threats to "teach a lesson" to a civilian who needed no lessons of the kind.  Defendant Jung Kim directed as "your superior" to his subordinate to put the gun away, but was so late and ineffective that the damage had been done already.

The invocation of NYPD coupled with the use of the NYPD service revolver implicates defendants' state of mind, which is always a factual inquiry.  In Davis v. Lynbrook Police Dept., 224 F. Supp. 2d 463 (EDNY 2002), Judge Spatt addressed a similar fact pattern in the context of a Rule 56 summary judgment motion, not Rule 12(b)(6) and held that the fact finder could rationally conclude that the "off duty" conduct was actually being done "under color of law."

The Second Circuit has held in multiple reported cases that the mere fact that an officer

Page 2

was "off duty" is not controlling; rather it is a fact question whether the officer was doing something that an officer would be doing. See Pitchell v. Callan, 13 F.3d 545, 548 (2d Cir. 1994) (discussing that, in determining whether an officer's actions were taken as part of a personal pursuit or under color of state law, a court must look beyond whether the officer was on or off-duty when the incident at issue occurred; "liability may be found where a police officer, albeit off-duty, nonetheless invokes the real or apparent power of the police department." Pitchell, 13 F.3d at 548); Bonsignore v. City of New York, 683 F.2d 635, 638-39 (2d Cir. 1982) (holding that an off-duty police officer can be liable under Section 1983 for acts "committed in the performance of any actual or pretended duty").

Since the City was directly involved as a defendant in Bonsignore, it can hardly claim not to know the case law.  While the City's pre-motion letter, ECF23, cites to Pitchell, it fails to address Bonsignore, which is on point.

In Bonsignore, the surviving widow of an NYPD officer sued the City after her husband died by suicide using his service gun.  The jury determined that the City was negligent in ascertaining whether the plaintiff's husband was fit to carry a firearm while off duty, and found that the negligence caused plaintiff's harm.

> In this case both the type of harm that occurred and the person on whom the injury was inflicted were foreseeable. The City could reasonably have anticipated that its negligence in failing to identify officers who were unfit to carry guns would result in an unfit officer injuring someone using the gun he was required to carry. Furthermore, it was reasonably foreseeable that such an officer would injure a member of his own family. "HN4 An intervening act may not serve as a superseding cause, and relieve an actor of responsibility, where the risk of the intervening act occurring is the very same risk which renders the actor negligent." Derdiarian v. Felix Contracting Corp., supra, 51 N.Y. 2d at 316, 414 N.E.2d at 671, 434 N.Y.S.2d at 170. Since the City was negligent precisely because of the risk posed to other policemen and members of the public by requiring all officers, without adequate screening, to be armed at all times, the District Court did not err in denying the City's motion for judgment n.o.v. or a new trial.

Bonsignore, at 638.

Why the City's pre-motion letter fails to cite this controlling case law is perplexing.  But the controlling case law provides that the issue is one of fact; and thus we welcome the opportunity to take discovery so as to prove that the City has caused plaintiff's injury in our case by analogy to Bonsinore.  Because the issue is a fact issue, the City's request to proceed with a Rule 12(b)(6) (and not even Rule 56) is perplexing because the facial sufficiency cannot reasonably be disputed since plaintiff's complaint provides the elemental allegations.  Were the Court to entertain such a motion, and any relief were hypothetically contemplated, the Court would be requested for leave to re-plead.  Thus, other than an exercise in academic motion practice, the City's proposed 12(b)(6) motion would be a diversion of time.  Accordingly, it should not be made or permitted.

Page 3

Thank you for your consideration.

Respectfully,

/s/ Michael Kimm

Michael S. Kimm

cc: All counsel by ECF