

399 KNOLLWOOD ROAD, SUITE 220
WHITE PLAINS, NEW YORK 10603
Tel: 914.997.0555
Fax: 914.997.0550

35 Worth Street
New York, NY 10013
Tel: 646.398.3909

May 4, 2021

*Via ECF*
Honorable Allyne R. Ross
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   **Hyunjung Ki v. City of New York, et al.**
       **20-CV-4343 (ARR) (JRC)**

Your Honor:

Please be advised that the undersigned and The Quinn Law Firm PLLC represent Defendant Sergeant Jung Kim in the above-referenced matter.

Pursuant to Your Honor's Individual Practices and Rules, we write in response to The City of New York's Letter, dated April 23, 2021, requesting that the Court schedule a pre-trial motion conference to discuss the City Defendant's anticipated motion to dismiss Plaintiff's Complaint and Defendant Jung Kim's crossclaim for indemnification pursuant to Rule 12(b)(6) of the Federal Rules of Civile Procedure.

**FACTS**

According to the Complaint, on October 8, 2019 at approximately 10:00 p.m., Defendant Police Officer Hyun Kim and Defendant Sergeant Jung Kim, were in plain clothes, in a private room at The Apple Tree Café, a Korean style karaoke bar. Plaintiff was one of two servers assigned to the Defendants room. Plaintiff alleges that Defendants allowed their service weapons to be exposed and identified themselves as New York City Police Officers.

The Complaint further alleges that Defendant Hyun Kim grabbed Plaintiff's arms, pulled them around his waist and forced her to feel his gun and holster. According to the Complaint, when Plaintiff tried to get up from her seat to exit the private room, Defendant Hyun Kim forcibly pushed her down, prevented her movement and forcibly held her down. The Complaint further alleges that Defendant Hyun Kim started to curse at Plaintiff and he began to bang his gun on the table while Defendant Jung Kim sat by. The Complaint also alleges that Defendant Hyun Kim pointed his gun

at Plaintiff at which time Plaintiff claims Defendant Jung Kim said "As my subordinate officer I am ordering you to put the gun away" but Defendant Hyan Kim refused to do so. Shortly thereafter the owner and manager went in to the room and told the Defendants they had to leave.

The Complaint alleges that at all times the Defendants were acting under color of law and/or in compliance with the policies, official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or City of New York.

## CITY DEFENDANTS' MOTION TO DISMISS DEFENDANT JUNG KIM'S CROSS CLAIM FOR INDEMNIFICATION FAILS AS A MATTER OF LAW

General Municipal Law S50-k (2) places an affirmative duty on the City to represent an employee in a civil action filed against the employee of any alleged act which occurred during the scope of his employment and if the employee was not in violation of any agency regulation at the time the alleged act occurred. Plaintiff alleges that Defendants acted within the scope of their employment, and the City has an obligation to indemnify and represent Defendant Jung Kim.

This Court has jurisdiction to determine the representation and indemnification issues presented in Defendant Jung Kim's cross-claims. *Barnes v. Damien Banks*, 2011 U.S. Dist. LEXIS 120176 at *12-13 (S.D.N.Y. 2011). While New York State law provides that a City employee may challenge denial of representation and indemnification in a proceeding pursuant to CPLR Article 78, which decisions are determined by the court as a matter of law, the weight of opinion among District Courts in New York is that defendants may bring third-party claims for representation and indemnification in federal court. *Banks v. Yokemick*, 144 F. Supp. 2d 272, 277 (S.D.N.Y. 2001). The court in *Harris v. Rivera*, 921 F.Supp. 1058, 1058-62 (S.D.N.Y. 1995) held that "[j]udicial economy dictates trying the issues in the same court and to the same jury."

Courts in this circuit have allowed an indemnification claim that was technically premature to survive a motion to dismiss or motion for summary judgment. *See, e.g., Wong v. Yoo*, 649 F.Supp.2d 34 (E.D.N.Y. 2009) (denying the City's motion for summary judgment in third-party action for indemnification, although it was technically premature); *Jocks v. Tavernier*, 97 F.Supp.2d 303, 312-14 (E.D.N.Y. 2000), rev'd on other grounds, 316 F.3d 128 (2d Cir. 2003) (retaining supplemental jurisdiction over cross-claim for indemnification); *Banks v. Yokemick*, 144 F.Supp.2d 272, 281-87 (S.D.N.Y. 2001) (retaining jurisdiction over pre-trial claim for indemnification and applying an Article 78 "arbitrary and capricious" standard); *Hogan v. City of N.Y.*, 2008 WL 189891 at *2 (S.D.N.Y. Jan. 18, 2008) (same). "Some courts have, however, have permitted defendants to assert indemnification cross-claims "before they are technically ripe" in order to promote "fairness and judicial economy"". *Harris*, 921 F. supp. at 1062.

## CONCLUSION

The City of New York has an affirmative duty to represent Defendant Jung Kim, and this Court has jurisdiction over Defendant Jung Kim's cross claims for representation and indemnification. The City's anticipated Rule 12(b)(6) motion to dismiss Defendant Jung Kim's

cross claim is premature and or the reasons detailed *supra*, we respectfully request that the Court deny City Defendant's request to file the motion to dismiss as against Defendant Jung Kim.

Thank you for Your Honor's time and attention to this matter.

Respectfully submitted,

*Matthew K. Schieffer*

Matthew K. Schieffer, Esq.