UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

HYUNJUNG KI,

      *Plaintiff*,

v.

HYUN KIM, in his individual and official capacity as an NYPD Officer, and JUNG KIM, individually and in his official capacity as an NYPD Officer,

      *Defendants*,

HYUN KIM, JUNG KIM,

      *Cross-Claimants*,

v.

CITY OF NEW YORK,

      *Cross-Defendant*.

20-CV-4343 (ARR) (JRC)

NOT FOR ELECTRONIC
OR PRINT PUBLICATION

**OPINION & ORDER**

ROSS, United States District Judge:

      In this action alleging constitutional violations and state law torts, I have before me a report and recommendation ("R&R") from the Honorable James R. Cho, United States Magistrate Judge, recommending that I deny plaintiff's motion for leave to file an amended complaint. R&R 1, ECF No. 64. Plaintiff timely objected. *See* Pl.'s Appeal & Mot. for Reconsideration ("Pl.'s Obj."), ECF No. 65-2. Plaintiff principally argues that Judge Cho erred in concluding that plaintiff failed to state a valid claim against the City of New York pursuant to *Monell v. Dep't of Social Services*, 436 U.S. 658 (1978). Pl.'s Obj. 11–17.

      Having reviewed the challenged parts of the R&R *de novo*, I agree with Judge Cho's determination that plaintiff's proposed *Monell* claim against the City fails to state a claim for

municipal liability under 42 U.S.C. § 1983. I also find no clear error in the unchallenged parts of the R&R. Accordingly, I adopt the R&R in full and deny plaintiff's motion for leave to file the proposed amended complaint.

## BACKGROUND

Plaintiff, Hyunjung Ki, brought this action against the City of New York, New York Police Department ("NYPD") Commissioner Dermot Shea, NYPD Officer Hyun Kim, and NYPD Sergeant Jung Kim alleging constitutional violations pursuant to 42 U.S.C. § 1983 and state law torts arising from an October 2019 incident in which Officer Kim allegedly harassed and threatened plaintiff with his service pistol while she served both men at a karaoke bar in Flushing, Queens. The facts underlying plaintiff's complaint are detailed in my earlier Opinion and Order, ECF No. 48, and Judge Cho's R&R, familiarity with which is assumed.

On October 21, 2021, I granted in part and denied in part the City and Commissioner Shea's motion to dismiss and granted in part and denied in part plaintiff's request to file an amended complaint.[1] By letter dated October 25, 2021, plaintiff advised that she would rely on her original complaint rather than an amended complaint. On November 30, 2021, plaintiff nevertheless filed a pleading styled as a "second amended complaint" ("SAC"), which adds a § 1983 claim against the City of New York based on *Monell v. Dep't of Social Services*, 436 U.S. 658 (1978). After being ordered to submit a letter seeking leave to file the amended complaint, plaintiff did so. Following a motion hearing, Judge Cho issued the R&R recommending that that I deny plaintiff's motion. Plaintiff filed timely objections to the R&R's recommendation that leave to amend be denied as futile, and the City of New York responded to the objections. For the following reasons,

---

[1] As a result, former-Commissioner Shea is no longer a party to this case, and the City remains a party only as a cross-defendant. The Clerk of Court is respectfully directed to amend the caption as reflected above.

2

I adopt the R&R in its entirety and deny plaintiff's motion for leave to file the proposed amended complaint.

## LEGAL STANDARD

The standard of review for a dispositive order of a magistrate judge that has been properly objected to is *de novo*. *Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022); Fed. R. Civ. P. 72(b)(3). However, any part of a dispositive order that is not objected to, and any part subject to "conclusory or general objections" or objections that "simply reiterate[]" arguments already made, is reviewed for clear error. *Pall Corp. v. Entegris, Inc.*, 249 F.R.D. 48, 51 (E.D.N.Y. 2008) (internal quotation marks omitted). Nondispositive orders are also reviewed for clear error, Fed. R. Civ. P. 72(a), though whether a motion for leave to amend is dispositive or nondispositive is not settled in this Circuit, *Charlot v. Ecolab, Inc.*, 97 F. Supp. 3d 40, 46 n.5 (E.D.N.Y. 2015); *see also generally Rivers v. N.Y.C. Hous. Auth.*, No. 11-CV-5065 (KAM), 2014 WL 12829494, at *3–4 (E.D.N.Y. Nov. 17, 2014). Because I would reach the same conclusion as to the properly made objections under either the *de novo* or clear error standard, I assume without deciding that the denial of leave to amend is a dispositive decision.

Leave to amend should be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15. However, leave may properly be denied for good reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Futility is a legal determination "that proposed amendments would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6)." *Panther Partners Inc. v. Ikanos Communications, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012). In assessing the viability of a proposed amendment, I "accept as true all non-conclusory

factual allegations therein, and draw all reasonable inferences in plaintiff's favor to determine whether the allegations plausibly give rise to an entitlement to relief." *Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678–80 (2009)).[2]

## DISCUSSION

### I. Plaintiff's Proposed *Monell* Claim Would Be Futile.

Plaintiff's proposed SAC asserts a *Monell* claim against the City of New York and the NYPD, arguing that "the use of excessive force and the wrongful use of force are authorized by official policy, custom, practices, and usages of the City of New York." SAC ¶ 61. In *Monell*, the Supreme Court held that municipalities are subject to liability under § 1983 where an official policy or custom is the "moving force" of a constitutional violation. 436 U.S. at 694. To state a claim for § 1983 municipal liability, a plaintiff must show the existence of "(1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." *Gem Fin. Serv., Inc. v. City of New York*, 298 F. Supp. 3d 464, 490 (E.D.N.Y. 2018) (quoting *Torraco v. Port Auth. of N.Y. & N.J.*, 615 F.3d 129, 140 (2d Cir. 2010)). Municipal liability may also lie for failure to train where a specific training deficiency is obvious to municipal policymakers such that the policymakers are deliberately indifferent to citizens' rights. *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 388–90 (1989).

In the proposed SAC, plaintiff alleges that the NYPD's use of force policy "permits each officer to engage in virtually any level of force on the officer's own judgment and therefore NYPD's policy effectively permitted the full range of behavior that was committed against

---

[2] I agree with Judge Cho's unchallenged conclusion that plaintiff's purported expert report is not incorporated by reference in nor integral to the proposed SAC, *see* R&R 7, and thus have not considered it in assessing the proposed amendment, *see DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010).

4

plaintiff." SAC ¶ 61 Plaintiff supports this claim principally through extensive quotation of a 2015 report by the Office of Inspector General for the NYPD titled "Police Use of Force in New York City: Findings and Recommendations on NYPD's Policies and Practices" ("Policies and Practices Report"). *See, e.g.*, *id.* ¶ 65. This report apparently found, among other things, that the NYPD's use-of-force policy was "vague and imprecise, providing little guidance to individual officers on what actions constitute force," *id.* ¶ 65, that the "NYPD's Patrol Guide does not properly instruct officers to de-escalate encounters with the public," *id.* ¶ 67, that "NYPD training does not adequately focus on de-escalation," *id.*, and that the NYPD "frequently failed to impose discipline" on officers found to have used excessive force, *id.* ¶ 82. The proposed complaint also discusses three case studies from the report in which NYPD officers either failed to de-escalate or actively escalated a situation that resulted in use of force. *See id.* ¶¶ 70–74.

In analyzing whether the proposed SAC adequately alleged a policy or custom that caused the violation of plaintiff's constitutional rights, Judge Cho concluded that plaintiff did not identify a formal policy statement that sanctioned the alleged officer misconduct. *See* R&R 10. As for a custom, Judge Cho concluded that plaintiff failed to provide evidence of similar conduct sufficient to support a finding of a "longstanding and widespread practice" of the sort of behavior alleged in the complaint. *Id.* 10, 14. Next, Judge Cho considered whether the proposed amended complaint set forth a viable failure to train theory. Noting that the proposed SAC alleges only that the City failed to adequately "define and contextualize force and the use of force, excessive force, and unreasonable force" for training purposes, SAC ¶ 66, and making a number of assumptions in plaintiff's favor, Judge Cho found that the facts alleged raise a plausible inference that policymakers were deliberately indifferent to an obvious use-of-force training deficiency, R&R 16. However, Judge Cho concluded that any such indifference would apply only to on-duty

5

officers, and thus that the alleged training deficiency would not apply in the context of this case, where the plaintiff's allegations derive from conduct by intoxicated, off-duty officers. *Id.* Finally, Judge Cho found that the proposed *Monell* claim failed for the independent reason that the complaint failed to establish a causal link between any official policy or custom and the alleged deprivation of federal rights. *Id.* at 17–19.

Plaintiff's objections to the R&R largely repeat arguments made in her memorandum of law to Judge Cho, which itself largely repeats arguments made in the proposed SAC. One such argument is that the City has conceded municipal liability in a related case and is thus estopped from challenging the *Monell* claim in the present case. *See* Pl.'s Obj. 10–11. Judge Cho found this argument to be without merit, R&R 21, and plaintiff has largely copy-pasted the estoppel argument made to Judge Cho without directly responding to the R&R's reasoning or conclusion. As a result, I review Judge Cho's determination for clear error and agree that the City is not estopped from challenging plaintiff's proposed *Monell* claim.

Plaintiff also fails to address certain of Judge Cho's findings entirely. Most significantly, plaintiff does not specifically object to Judge Cho's finding that the proposed SAC fails to establish a causal link between a custom or policy and plaintiff's alleged injuries. I find no clear error in Judge Cho's causation finding, which, because it renders the *Monell* claim futile, is itself sufficient reason to deny the motion to amend.

Seemingly the only new, relevant argument plaintiff offers is made in reference to *Wahhab v. City of New York*, 386 F. Supp. 2d 277 (S.D.N.Y. 2005). The *Wahhab* plaintiffs alleged they were assaulted by off-duty NYPD officers in a shopping mall food court and sued the City of New York on a *Monell* theory. *Id.* at 279, 284. In support of their claim, the plaintiffs presented a commission report describing NYPD tolerance of officer misconduct, statistical information

suggesting lax discipline from the year prior to the incident, and evidence of specific misconduct complaints against one of the defendants. *Id.* at 285. The court denied the City's motion for summary judgment because the plaintiffs "alleged statistical evidence that along with the incident alleged and prior complaints against a particular defendant, raises a material question of fact regarding an NYPD policy or custom of acquiescence in unconstitutional conduct." *Id.*

Curiously, plaintiff relies on *Wahhab* primarily to support the argument that Officer Kim and Sergeant Kim were acting "under color of law," *see* Pl.'s Obj. 16–17—an issue that has already been resolved in plaintiff's favor, *see* Opinion & Order 5. And, in any event, *Wahhab* provides little support for plaintiff's municipal liability argument. Unlike the *Wahhab* plaintiffs, who presented evidence of institutional NYPD failures, recent statistics, and specific instances of a defendant's prior conduct, plaintiff here relies exclusively on the 2015 Policies and Practices Report. While that report certainly identifies deficiencies in NYPD policies and disciplinary procedures regarding use-of-force, it identifies deficiencies that existed as of 2015. The proposed SAC fails to so much as suggest that the conditions described in that report were still operative at the time of the alleged incident in 2019.

Finding no clear error in the unchallenged aspects of the R&R's futility analysis, and having reviewed new and nonconclusory objections *de novo*, I agree with Judge Cho's conclusion that plaintiff's proposed *Monell* claim would be futile.

## II. Plaintiff's Proposed Amended Complaint Alleges Claims That Have Been Dismissed and Names Parties Who Are Not or Cannot Be Defendants.

Judge Cho also recommends denying leave to amend to the extent plaintiff seeks to do three things: (1) allege dismissed counts four, five, and six; (2) sue dismissed defendant Shea; and (3) sue the NYPD, a non-suable agency. R&R 19–20. Plaintiff does not object to these conclusions, and I see no clear error in them.

7

## CONCLUSION

For the foregoing reasons, I adopt the R&R in full. Accordingly, I deny plaintiff's motion to amend the complaint.

SO ORDERED.

                                                        /s/
                                             Allyne R. Ross
                                             United States District Judge

Dated:       September 29, 2022
               Brooklyn, New York

8