UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

HYUNJUNG KI,

               *Plaintiff*,

-against-

CITY OF NEW YORK, DERMOT SHEA, as NYPD Commissioner, HYUN KIM, in his individual and official capacity as an NYPD Officer, and JUNG KIM, individually and in his official capacity as an NYPD Officer,

               *Defendants*.

20-CV-4343 (ARR) (JRC)

NOT FOR ELECTRONIC
OR PRINT PUBLICATION

**OPINION & ORDER**

ROSS, United States District Judge:

      Hyunjung Ki brought this action alleging violations of 42 U.S.C. § 1983 and multiple state law torts. In 2021, I dismissed plaintiff's claims against the City of New York and Commissioner Shea for negligent hiring, negligent training, and negligent supervision, allowing her § 1983 and state law tort claims against Officer Hyun Kim ("Officer Kim") and Sergeant Jung Kim ("Sergeant Kim") to proceed. *Ki v. City of New Yok*, No. 20-CV-4343 (ARR), 2021 WL 4902538 (E.D.N.Y. Oct. 21, 2021); *see also* Docket Entry Dated October 29, 2021. Sergeant Kim now moves for summary judgment. For the reasons that follow, I grant his motion.

## BACKGROUND

      On October 8, 2019, after attending dinner and drinks to celebrate Officer Kim's birthday, Officer Kim and Sergeant Kim—then both members of the New York City Police Department—went to the Apple Tree, a karaoke bar where Ms. Ki worked as a server. Def. Jung Kim's Local Rule 56.1 Statement ¶¶ 3–5, 7, 10–14, ECF No. 85 ("Def.'s Rule 56.1 Statement"); Pl.'s Response to Def.'s Rule 56.1 Statement ¶¶ 3–4, 7, 10–14 ("Pl.'s 56.1 Response"), ECF No. 83-1. The two

officers were assigned to a private room, with Ms. Ki as their server. Def.'s Rule 56.1 Statement ¶¶ 16, 18; Pl.'s 56.1 Response ¶¶ 16, 18.

Ms. Ki testified that at some point during the night, while Sergeant Kim was in the restroom, Officer Kim pointed his gun at her head and said something along the lines of, "You know me? You know me? Do you know who [I am]?" Loomba Decl., Ex. B at 19:15– 22:20. ("Ki Tr."), ECF No. 86-2. This went on for about five to ten minutes. *Id.* at 21:15-18. Ms. Ki testified that when Sergeant Kim returned to the room, she asked for his help and he responded by telling Officer Kim to put away his gun; after that, she was able to leave the room. *Id.* at 21:24–23:7. Ms. Ki stated that she was alone with Officer Kim when the "gun incident" occurred. *Id.* at 22:9-11. Sergeant Kim similarly testified that when he saw Officer Kim pointing the gun at Ms. Ki, he told him to put the gun away, paid the bill, and announced that the night was over. Loomba Decl., Ex. C at 60:08–61:13, ECF No. 86-3. Officer Kim, for his part, testified that he does not recall the night in question. Loomba Dec., Ex. D at 9:13-19, 62:18–63:21, ECF No. 86-4.

In support of her opposition to Sergeant Kim's motion for summary judgment, plaintiff filed a declaration adopting the facts stated in her Complaint[1] and certifying under penalty of perjury that those facts are true. Ki Decl., ECF No. 83-2. Under the version of events described in

---

[1] Ms. Ki's declaration purports to adopt the facts stated in her First Amended Complaint. Ki Decl. ¶ 2. The operative complaint, however, is plaintiff's original Complaint. On October 5, 2021, plaintiff sought leave to amend her original Complaint; she subsequently filed a "notice" indicating that she would rely on the original Complaint. ECF Nos. 44, 49. She later moved unsuccessfully for permission to file a Second Amended Complaint. ECF Nos. 55, 60, 64, 67. In any event, the various complaints do not differ in ways relevant to the claims against Sergeant Kim: The proposed First Amended Complaint added allegations against only Officer Kim, Proposed First Amended Compl. ¶¶ 30–32, 38–39, ECF No. 44; the Second Amended Complaint added those same allegations, as well as a *Monell* claim against the City of New York, Proposed Second Amended Compl. ¶¶ 30–32, 38–39, 59–87, ECF No. 55. The allegations at issue in this motion for summary judgment appear in the same paragraphs across all three complaints. I therefore cite only to plaintiff's original Complaint.

her Complaint, Sergeant Kim "watched in amusement" as Officer Kim brandished his gun at Ms. Ki and "allowed [Officer] Kim to continue misbehaving for a substantial amount of time[,] . . . fail[ing] to curb the subordinate officer's criminal behavior." Compl. ¶ 2, ECF No. 1. As Ms. Ki alleges, while Officer Kim was brandishing his gun before her, Sergeant Kim "was just sitting there, not responding to his colleague's actions." *Id.* ¶ 18. She alleges that Sergeant Kim did not leave for the bathroom until the encounter was well underway, but that when he returned, she pleaded with him to make Officer Kim lower the gun, *id.* ¶¶ 20–21; in response, Sergeant Kim ordered the subordinate officer to do so*, id.* According to the Complaint, Officer Kim "failed to heed" Sergeant Kim's order, and Sergeant Kim "failed to exert any real control over his subordinate officer's ongoing violence." *Id.* ¶ 21.

Plaintiff asserts the following claims against Sergeant Kim: false arrest, false imprisonment, and unlawful seizure, all in violation of 42 U.S.C. § 1983, *id.* ¶¶ 26–36; reckless or negligent infliction of emotional distress, *id.* ¶¶ 47–50; and intentional infliction of emotional distress, *id.* ¶¶ 51–54.

## STANDARD OF REVIEW

Summary judgment is warranted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also* Fed. R. Civ. P. 56. A complaint may be treated as an affidavit for summary judgment purposes only if the plaintiff "verifie[s] his complaint by attesting under penalty of perjury that the statements in the complaint [are] true to the best of his knowledge." *Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995), *abrogated on other grounds by Tangreti v. Bachmann*, 983 F.3d 609, 617–18 & n.4 (2d Cir. 2020); *see also Cohen v. Equifax Info*

3

*Servs., LLC*, 827 F. App'x 14, 16 (2d Cir. 2020). But a party opposing summary judgment "who has testified to a given fact in his deposition cannot create a triable issue merely by submitting his affidavit denying the fact." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 43 (2d Cir. 2000). Without such a rule, "a party who ha[d] been examined at length on deposition could raise an issue of fact simply by submitting an affidavit contradicting his own prior testimony," thereby "greatly diminish[ing] the utility of summary judgment as a procedure for screening out sham issues of fact." *Perma Rsch. & Dev. Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969). For this reason, "factual issues created solely by an affidavit crafted to oppose a summary judgment motion are not 'genuine' issues for trial." *Hayes v. N.Y.C. Dep't of Corrs.*, 84 F.3d 614, 619 (2d Cir. 1996).

## DISCUSSION

### I. Section 1983 Claims

To survive summary judgment on a claim for individual liability under § 1983, "a plaintiff must establish a given defendant's personal involvement in the claimed violation." *Patterson v. Cnty of Oneida, N.Y.*, 375 F.3d 206, 229 (2d Cir. 2004).[2] Here, plaintiff's § 1983 claims rely on the following alleged actions: "using an NYPD-issue service gun to force plaintiff to remain in the room and in her seat against her will; . . . banging the gun on the table repeatedly; . . . dropping the bullets [from the gun]; . . . [and] depriving her of her liberty." Compl. ¶ 28. Ms. Ki testified, however, that only one officer—Officer Kim—took his gun out. Ki Tr. at 19:15–22:11.

Indeed, Ms. Ki's testimony contradicts each of the allegations to which plaintiff points in arguing that certain material facts regarding Sergeant Kim's involvement are disputed. Ms. Ki

---

[2] Plaintiff does not specify whether her § 1983 claims are directed at the defendant officers in their individual or official capacities, and the Complaint names them in both capacities. Section 1983, however, does not provide a cause of action to sue state officials in their official capacities. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-71 (1989). I therefore analyze this claim as seeking damages from the officer defendants in only their individual capacities.

4

relies on her allegation that Sergeant Kim "was just sitting there, not responding" when Officer Kim was tapping the gun on the table, Compl. ¶ 18, to dispute Sergeant Kim's alleged shock at this behavior, *see* Pl.'s 56.1 Response ¶ 22; Def.'s 56.1 Statement ¶ 22. Yet Ms. Ki testified that as soon as Sergeant Kim saw Officer Kim brandishing his gun, he told his subordinate to put the weapon away. Ki Tr. 21:24–23:4. Ms. Ki similarly contests the fact that Sergeant Kim told Officer Kim to put the weapon away, relying on the same portion of the Complaint, *see* Pl.'s 56.1 Response ¶ 23; Def.'s 56.1 Statement ¶ 23. Again, this is contradicted by her testimony that Sergeant Kim told Officer Kim to put away his gun. *See* Ki Tr. at 22:18–23:4. She further disputes the fact that Sergeant Kim helped her or that Officer Kim indeed put his weapon away, *see* Pl.'s 56.1 Response ¶¶ 24, 29, 31; Def.'s 56.1 Statement ¶¶ 24, 29, 31, relying on her allegation that Officer Kim "failed to heed [Sergeant Kim's order] and [Sergeant Kim] failed to exert any real control over his subordinate officer's ongoing violence," Compl. ¶ 21. Her testimony, however, indicates that after Sergeant Kim ordered Officer Kim to put his gun away, Ms. Ki was able to leave the room. *See* Ki Tr. at 22:25–23:7.

Finally, Ms. Ki contests the fact that she was alone with Officer Kim during the gun incident in two ways. *See* Pl.'s 56.1 Response ¶ 30; Def.'s 56.1 Statement ¶ 30. First, she points to her allegation that Sergeant Kim did not leave for the restroom until after Officer Kim had pulled his gun out and banged it on the table. *Id.*; Compl. ¶¶ 18–20. Ms. Ki testified, however, that "only one" officer—Officer Kim—took his gun out, and that she was alone with him during the "gun incident." Ki Tr. at 19:15-22, 22:9-11. Second, she argues that the "gun incident" involved more than just Officer Kim "putting his gun to plaintiff's head." Pl.'s 56.1 Response ¶ 30. Rather, she contends that "gun incident . . . . began with both defendants brandishing the gun[s] like gangsters." *Id.* The relevant allegations in the Complaint, however, do not describe both officers brandishing

5

their guns, Compl. ¶¶ 13–14, and plaintiff's § 1983 claims rely not on the fact that both officers' guns were merely visible, but rather on the use of "an NYPD-issue service gun to force plaintiff to remain in the room," Compl. ¶ 28.[3]

Even assuming that Ms. Ki's declaration incorporating the allegations in her Complaint can be treated as an affidavit for summary judgment purposes, *see Colon*, 58 F.3d at 872, an affidavit contradicting a party's own prior testimony cannot create a triable issue of fact, *see Palazzo*, 232 F.3d at 43; *compare* Ki Tr. at 1 (dated August 6, 2020), *with* Ki Decl. (dated November 27, 2023). As discussed in the foregoing paragraph, everything to which plaintiff points as a genuine fact dispute is the result of contradictions between Ms. Ki's declaration and her own prior testimony. There is therefore no triable issue of fact as to whether Sergeant Kim was personally involved in the claimed violation. *See Patterson*, 375 F.3d at 229.

Plaintiff's Complaint and summary judgment opposition might be generously read as asserting a failure-to-intervene claim against Sergeant Kim. "A law enforcement officer has an affirmative duty to intercede on the behalf of a citizen whose constitutional rights are being violated in his presence by other officers," *O'Neill v. Krzeminski*, 839 F.2d 9, 11 (2d Cir. 1988), and he may be held liable under Section 1983 for failing to intervene when he "had a reasonable

---

[3] Plaintiff identifies several other fact disputes, all of which either do not involve contradictions or are irrelevant. She contests the fact that Sergeant Kim left to use the bathroom at one point, but points to testimony related to how the officers got home; the latter has no bearing on the former. Pl.'s 56.1 Response ¶ 19; Def.'s 56.1 Statement ¶ 19. She disputes the fact that Sergeant Kim announced that the evening was over and paid the check, Pl.'s 56.1 Response ¶ 25; Def.'s 56.1 Statement ¶ 25, but relies on allegations in the Complaint that the officers left once the owner and manager told them that police had been called, Compl. ¶¶ 22–23; again, the latter does not contradict the former. Finally, plaintiff contests defendants' characterization of the claims against Sergeant Kim, but this appears to be a simple misunderstanding: Although defendants do not use the phrase "Section 1983" in describing plaintiff's false arrest, false imprisonment, and unreasonable seizure claims, their briefing makes clear that they do not dispute the fact that the federal statute is the cause of action by which those claims are asserted. Pl.'s 56.1 Response ¶ 36; Def.'s 56.1 Statement ¶ 36; *see* Def.'s Mem. L in Supp. Mot. for Summ. J. 4–6, ECF No. 87.

opportunity" to do so, *Jackson v. Tellado*, 236 F. Supp. 3d 636, 654 (E.D.N.Y. 2017) (quotation omitted). Here, however, Ms. Ki testified that Sergeant Kim *did* intervene upon becoming aware of Officer Kim's behavior. Ki Tr. 22:19–23:7. Her declaration incorporating allegations to the contrary, even if treated as an affidavit for summary judgment purposes, cannot create a triable issue of fact. *See Palazzo*, 232 F.3d at 43.

Sergeant Kim's motion for summary judgment on plaintiff's § 1983 claims of false arrest, false imprisonment, and unreasonable seizure is therefore GRANTED.

## II. Negligent Infliction of Emotional Distress Claim

Under New York law, a plaintiff seeking to prove negligent infliction of emotional distress ("NIED") must establish: "(1) a breach of a duty owed to the plaintiff; (2) emotional harm; (3) a direct causal connection between the breach and the emotional harm; and (4) circumstances providing some guarantee of genuineness of the harm." *Francis v. Kings Park Manor, Inc.*, 992 F.3d 67, 81 (2d Cir. 2021). The conduct at issue in plaintiff's NIED claim is the officers' "menacing or harassing" of Ki. Compl. ¶ 48–49. Even assuming that such conduct could constitute a breach of a duty owed to Ms. Ki, there is, as discussed, no triable issue of fact as to whether Sergeant Kim participated in that conduct.[4] Nor does plaintiff's NIED claim contain any sort of allegation that Sergeant Kim should have done more to prevent Officer Kim's actions—rather, it addresses only the officer defendants' alleged direct "menacing or harass[ment]" of Ms. Ki. *Id.* ¶

---

[4] Although plaintiff's response to Sergeant Kim's Local Rule 56.1 statement describes the "gun incident" as beginning "with both defendants brandishing the gun like gangsters," Pl.'s Response ¶ 30, the allegations in the Complaint on which it relies do not identify Sergeant Kim as doing anything other than "allow[ing] [his] service pistol[] to be exposed," Compl. ¶ 13. Plaintiff has not made any argument, nor does she allege anywhere in her Complaint, that the mere visibility of Sergeant Kim's service pistol constituted a breach of a duty owed by Sergeant Kim to her.

48–49. Plaintiff therefore cannot establish the first element of an NIED claim, and Sergeant Kim's motion for summary judgment on that claim is GRANTED.

### III. Intentional Infliction of Emotional Distress Claim

A plaintiff seeking to prove intentional infliction of emotional distress ("IIED") under New York law must establish: "(1) extreme and outrageous conduct, (2) intent to cause severe emotional distress, (3) a causal connection between the conduct and the injury, and (4) severe emotional distress." *Bender v. City of New York,* 78 F.3d 787, 790 (2d Cir. 1996). Here, too, the conduct at issue is the officers' "menacing and/or harassment" of Ms. Ki. Compl. ¶ 52. As above, there is no triable issue of fact as to whether Sergeant Kim participated in that conduct.[5] Plaintiff therefore cannot establish the first element of an IIED claim, and Sergeant Kim's motion for summary judgment on that claim is GRANTED.

### CONCLUSION

For the foregoing reasons, Sergeant Jung Kim's motion for summary judgment is GRANTED. Plaintiff's remaining claims are for false arrest, false imprisonment, unreasonable seizure, NIED, and IIED; these claims are against only Officer Hyun Kim.

SO ORDERED.

/s/
Allyne R. Ross
United States District Judge

Dated:  January 23, 2024
        Brooklyn, New York

---

[5] *See supra* note 4.

8